UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANDREW BUTLER, III, & KELLY ANN
SWABY,[1]

      Petitioners,

v.                                    Case No. 4:21-cv-440-MW/MJF

STEVEN COOK & GAGE COWART,

      Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner Andrew Butler, III, a federal pretrial detainee proceeding *pro se*, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. The undersigned respectfully recommends that Butler's petition be dismissed because he is seeking to collaterally attack a criminal prosecution pending in the United States District Court for the Northern District of Florida.[2]

_____

[1] Although Butler purports to file the section 2241 petition on behalf of himself and Kelly Ann Swaby, Swaby does not appear to be "in custody" as required by section 2241. The *pro se* notice sent to Swaby at Federal Detention Center Tallahassee ("FCI Tallahassee") was returned as undeliverable because there was no one with that name detained at FCI Tallahassee. Doc. 4. Additionally, Swaby contacted the clerk of the court's office to update her mailing address to 8330 Nelson Street, New Orleans, Louisiana 70118. *Id.* This is a residential address.

[2] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. BACKGROUND

### A. Butler's Pending Federal Criminal Case

Butler's federal criminal case apparently stems from a traffic stop and subsequent search of Butler's motel room.[3] *United States v. Butler*, No. 5:21-cr-10-RH, Motion to Suppress, ECF No. 48 (N.D. Fla. July 30, 2021); *Butler*, No. 5:21-cr-10-RH, Second Motion to Suppress, ECF No. 65 (N.D. Fla. Sept. 22, 2021).[4] On August 18, 2020, Cook conducted a traffic stop of a vehicle driven by Butler because Butler allegedly failed to maintain his lane. *Butler*, No. 5:21-cr-10-RH, Motion to Suppress, ECF No. 48 at 17 (N.D. Fla. July 30, 2021). After a database search regarding the vehicle's license plate revealed that the vehicle had been reported stolen, law-enforcement officers detained Butler and Swaby, a passenger in the vehicle, and advised the pair of their *Miranda* rights. *Id.* Butler allegedly consented

---

[3] The challenged search warrant is attached to the first motion to suppress that Butler filed in his pending criminal prosecution. *Butler*, No. 5:21-cr-10-RH, Motion to Suppress, ECF No. 48 at 12-19 (N.D. Fla. July 30, 2021).

[4] The undersigned takes judicial notice of the documents filed in the District Court. Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). Butler should have received copies of these documents. Regardless, the documents can be obtained from the clerk of the court. Documents filed in Butler's criminal case are delineated "ECF No. __." Documents filed in the instant case are referenced as "Doc. __."

to a search of his person, and law-enforcement officers discovered a small key in the

pocket of Butler's pants that appeared to belong to a Sentry safe. *Id.*

Butler allegedly consented to a search of the vehicle, officers allegedly found

"a marijuana cigarette"; "a glass methamphetamine pipe"; two digital scales with

methamphetamine residue; "a metal can with a crystal substance," which a field test

revealed to be methamphetamine; "a large glass bowl with methamphetamine

residue"; plastic sandwich bags; and a motel-room key. *Id.*

Swaby admitted that she and Butler were staying in, and selling

methamphetamine from, Room #3 at the Youngstown Motel in Youngstown,

Florida. *Butler*, No. 5:21-cr-10-RH, Motion to Suppress, ECF No. 48 at 16-17 (N.D.

Fla. July 30, 2021). Swaby also admitted that a safe in the room contained

methamphetamine. *Id.* Although Butler purportedly admitted that he stayed in Room

#3 the previous night, Butler denied that he currently was staying in that room. *Id.*

Butler purportedly admitted, however, that he was involved in "an unknown male's

methamphetamine sales" and that he was learning to "cut" methamphetamine. *Id.*

On August 18, 2020, based on the above information, and a canine's alert to

the presence of illegal controlled substances in Room #3 at the Youngstown Motel,

a state-court judge issued a search warrant for Room #3. *Id.* at 12. During the search

of Room #3, Cook allegedly found, among other things, a Lorcin .380 caliber pistol,

.380 caliber ammunition, and various illegal controlled substances, some of which

were in the room's Sentry safe. *Butler*, No. 5:21-cr-10-RH, Motion to Suppress, ECF

No. 48 at 19 (N.D. Fla. July 30, 2021).

On March 16, 2021, in the United States District Court for the Northern

District of Florida, a grand jury charged Butler with one count of possession with

intent to distribute a controlled substance, in violation of 21 U.S.C. § 841 (a)(1) and

(b)(1)(B)(viii); and one count of possession of a firearm after conviction of a felony

offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Butler*, No. 5:21-cr-

10-RH, Indictment, ECF No. 1 (N.D. Fla. Mar. 16, 2021). Butler is detained pending

his trial, which currently is scheduled for January 10, 2022. *Butler*, No. 5:21-cr-10-

RH, Notice of Hearing, ECF No. 73 (N.D. Fla. Oct. 12, 2021).

**B.      Butler's Section 2241 Motion**

On October 27, 2021, Butler filed the instant petition pursuant to 28 U.S.C. §

2241. Doc. 1. According to Butler, Respondents Cook and Cowart violated the

Fourth and Fourteenth Amendments by conducting a search of Butler's motel room

pursuant to an invalid search warrant.[5] Doc. 1 at 7-9. Butler contends that the search

warrant was invalid because, among other things, (1) there was a discrepancy with

the authorizing judge's signature; (2) the warrant was not filed with the clerk of the

---

[5] Apparently Cowart administered an oath to Cook when Cook presented the
application and affidavit for the challenged search warrant. *Butler*, No. 5:21-cr-10-
RH, Motion to Suppress, ECF No. 48 (N.D. Fla. July 30, 2021).

court before the warrant was executed; and (3) the warrant did not describe, with particularity, the items to be seized. *Id.* Butler does not request any relief.[6]

## II. DISCUSSION

Section 2241 of Title 28 of the United States Code empowers district courts to grant a writ of habeas corpus. 28 U.S.C. § 2241(a). Pretrial detainees may file a petition pursuant to section 2241. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004). Habeas corpus proceedings under section 2241, however, are not intended to serve "as a substitute for the functions of the trial court." *Henry v. Henkel*, 235 U.S. 219, 229 (1914); *Johnson v. Hoy*, 227 U.S. 245, 247 (1913) ("The writ of habeas corpus is not intended to serve the office of a writ of error even after verdict; and, for still stronger reasons, it is not available to a defendant before trial, except in rare and exceptional cases."). Thus, "in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391-92 (1918); *Reese v. Warden Phila. FDC*, 904 F.3d 244, 246 (3d Cir. 2018).

---

[6] Butler already has filed a section 1983 complaint against Respondents for their actions related to the search warrant. *Butler v. Cook*, No. 5:21-cv-202-TKW/MJF. Thus, there is no reason to construe Butler's section 2241 petition as a civil-rights complaint pursuant to section 1983.

When a pretrial detainee's section 2241 petition raises claims that "would be dispositive of the pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by presenting them at trial and then on direct appeal." *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994); *In re Williams*, 306 F. App'x 818, 818 (4th Cir. 2009) (noting that a federal pretrial detainee could raise his section 2241 claims in his ongoing criminal case); *Garcon v. Palm Beach Cnty. Sheriff's Off.*, 291 F. App'x 225, 226 (11th Cir. 2008) (noting that a pretrial detainee's section 2241 petition was premature because the detainee could raise his section 2241 claims during his criminal case and on direct appeal); *see Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (noting that courts should abstain from considering a pretrial detainee's section 2241 petition "if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner"). A federal defendant in a criminal case, therefore, "is limited to proceeding by motion to the trial court, followed by a possible appeal after judgment, before resorting to habeas relief." *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017).

In his petition, Butler contends that the search warrant that resulted in the government finding contraband was constitutionally invalid. Doc. 1 at 7-8. Because the contraband discovered in the search pursuant to that search warrant resulted in the federal criminal prosecution that remains pending in this district, Butler's

petition asserts claims that likely would be dispositive of the charges pending against him in this district.

Butler's section 2241 petition, however, does not allege anything extraordinary that would justify an exception to the general rule that a pretrial detainee should raise relevant issues in his criminal case. Indeed, in his pending criminal prosecution, Butler—represented by counsel—already has filed two motions to suppress. In his first motion to suppress, Butler alleged that the search warrant was invalid because it did not allege, with particularity, the places to be searched or items to be seized, *i.e.*, the Sentry safe in Room #3. *Butler*, No. 5:21-cr-10-RH, ECF No. 48 at 6 (N.D. Fla. July 30, 2021). In his second motion to suppress, Butler alleged that "virtually every aspect of the [traffic] stop, detention, acquisition of the warrant and subsequent search and seizure" was unconstitutional. *Butler*, No. 5:21-cr-10-RH, ECF No. 65 (N.D. Fla. Sept. 22, 2021).

District Judge Robert L. Hinkle denied Butler's first motion to suppress. *Butler*, Order Denying the Motion to Suppress, ECF No. 53 (N.D. Fla. Aug. 19, 2021). Butler cannot use a section 2241 proceeding to obtain review of Judge Hinkle's decision by another district judge. "[A] federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case." *Williams v. Hackman*, 364 F. App'x 268, 268 (7th Cir. 2010); *Chandler v. Pratt*, 96 F. App'x 661, 662 (10th Cir. 2004) ("To allow petitioner to bring the same claims before another judge

in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping."). Furthermore, Judge Hinkle has not yet ruled on Butler's second motion to suppress. Perhaps Butler will prevail on that motion or perhaps the jury will acquit him at his trial.[7] But if not, Butler will have an additional opportunity in the United States Court of Appeals to challenge any denial of Butler's motions to suppress and any conviction. *Garcon*, 291 F. App'x at 226; *Moore*, 875 F. Supp. at 624. Thus, Butler already enjoys opportunities in a federal court to challenge the validity of the traffic stop and search warrant, and if he is convicted, he will have a further opportunity to address these issues in the Court of Appeals. He does not need yet another opportunity in this section 2241 action.

Because Butler's section 2241 petition does not present exceptional circumstances warranting habeas corpus relief regarding a pending federal criminal prosecution, Butler's petition should be dismissed without prejudice.

## III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** Butler's habeas petition under 28 U.S.C. § 2241, Doc. 1, without prejudice.

---

[7] The undersigned, of course, offers no opinion as to the merit of Butler's pending motion to suppress or the government's case against Butler.

2.   **DENY** Butler's motion for leave to proceed *in forma pauperis*, Doc. 5,

as moot.

3.   Order the clerk of the court to close the case file.

At Pensacola, Florida, this <u>30th</u> day of November, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**